IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KAHLIL T. SHELTON, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> MARK CAPOZZA, *Superintendent SCI-Fayette*; *and* ) <br> PENNSYLVANIA BOARD OF ) <br> PROBABTION AND PAROLE, ) <br> ) <br> Respondents. ) | Civil Action No. 21-1694 <br><br> Magistrate Judge Maureen P. Kelly <br><br> Re: ECF Nos. 4, 21 and 24 |

## **MEMORANDUM OPINION**

Khalil T. Shelton ("Petitioner") currently is a convicted federal prisoner incarcerated at the Federal Correctional Institution at Schuylkill in Minersville, Pennsylvania. At the time of the initiation of this action, he was a Pennsylvania state prisoner challenging the recomputation of his maximum sentence as a convicted parole violator by Respondent Pennsylvania Board of Probation and Parole (the "Board"). ECF No. 4 at 1-2.

For the reasons that follow, Petitioner's self-styled "Petition for Writ of Habeas Corpus ad Subjiciendum," (the "Petition") will be interpreted as a federal habeas petition arising under 28 U.S.C. § 2254, and denied as procedurally defaulted. A certificate of appealability also will be denied.[1]

Additionally, Petitioner's recent Motion for Damages, ECF No. 21, and Motion for Ruling, ECF No. 24, will be denied. To the extent that Petitioner seeks damages for his confinement, such relief is not cognizable in a habeas petition.

---

[1] The parties fully consented to the jurisdiction of a United States Magistrate Judge. ECF Nos. 7 and 23.

1

I.  **RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

The record indicates that on September 3, 2014, Petitioner was sentenced in the Court of Common Pleas of Allegheny County, Pennsylvania, to an aggregate term $3\frac{1}{2}$ to 7 years of imprisonment, followed by two years of probation, for firearms crimes, at Docket Nos. CP-02-CR-15499-2012 and CP-02-CR-15251-2012 (the "State Sentence"). ECF No. 15-1 at 2. At the time of his sentencing, Petitioner's minimum date of incarceration was March 21, 2017, and his maximum date of incarceration was September 21, 2020. Id. at 2.

Petitioner was released on parole from the State Sentence on June 17, 2017. Id. at 6. However, shortly thereafter on August 8, 2017, he was arrested and charged with new state crimes. Id. at 11-18. The Board issued a Warrant to Commit and Detain Petition on the same date. Id. at 20.

Petitioner was indicted on federal drug and gun related charges on September 26, 2017. See United States v. Shelton, No. 17-cr-260 (W.D. Pa. filed Sept. 26, 2017), ECF No. 1. Petitioner's then-pending state charges were withdrawn on September 29, 2017. ECF No. 15-1 at 25. The Board reissued its warrant to Commit and Detain on October 2, 2017. Id. at 28.

Petitioner waived his right to a detention hearing on his federal charges on November 17, 2017. Id. at 30. Respondents assert that Petitioner never posted bail on his federal charges. ECF No. 15 at 3. Petitioner was convicted on the federal charges after a jury trial on May 21, 2018. ECF No. 15-1 at 46 and 58.

As a result of his federal conviction, Petitioner was charged by the Board with having a new criminal conviction on October 29, 2018. Id. at 66. Petitioner's parole on his 2014 state conviction was revoked in a decision by the Board issued on December 5, 2018, in light of the federal conviction. The Board recommitted him to serve his unexpired term of two years, 11

2

months, and 26 days of backtime as a convicted parole violator. Petitioner's new maximum date on his state conviction was recomputed to September 26, 2021. Id. at 71-72.

On April 16, 2019, Petitioner's federal conviction was vacated by the United States Court of Appeals for the Third Circuit, and his federal criminal case was remanded to the district court for a new trial on the joint motion of Petitioner and the prosecution. United States v. Shelton, C.A. No. 18-3215 (3d Cir. Apr. 16, 2019). On June 7, 2019, the Board rescinded its recommitment dated December 5, 2018, and reset Petitioner's maximum date of incarceration for his 2014 state conviction to September 21, 2020. ECF No. 15-1 at 74.

Petitioner pleaded guilty in his federal case on March 2, 2020; moved to withdraw his guilty plea on August 3, 2020, withdrew that motion on August 4, 2020, and was sentenced August 10, 2020. Shelton, No. 17-cr-260 (W.D. Pa. filed Sept. 26, 2017), ECF Nos. 280, 317, and 331.

Petitioner once again was charged with having a new criminal conviction, and was served notice by the Board on September 14, 2020. ECF No. 15-1 at 84. Petitioner waived counsel and a panel hearing on September 30, 2020. Id. at 87-88. The Board mailed a decision on October 23, 2020, which initially was rendered on October 13, 2020, ordering Petitioner to serve 24 months back time, and recomputing his maximum date to November 26, 2023 – an addition of 3 years, on month, and 20 days to October 6, 2020, the date on which the Board determined that Petitioner became available to begin serving backtime. Id. at 90; ECF No. 15 at 6.

The Board refused to grant credit for liberty while on parole. For reasons that are unclear from the record, the Board treated Petitioner's time between his first federal conviction dated May 21, 2018, through the Board's June 7, 2019, order rescinding its initial finding that he was a convicted parole violator, as time at liberty, for which he was due no credit. ECF No. 15-1 at 91.

3

Petitioner timely filed an administrative appeal to the Board arguing, *inter alia* that his sentence recalculation was incorrect. Id. at 95-122. The Board denied his appeal, and affirmed the recalculation of Petitioner's sentence. Id. at 125-27. Its decision was mailed on November 4, 2021. Id. at 127. Conspicuously stated at the bottom of the final page was the following:

> *Failure to appeal a decision may affect your legal rights. See 37 Pa. Code sec. 73. If you wish to appeal this decision,* **you must file an appellate petition for review with the Commonwealth Court within thirty (30) days** *of the mailing date of the Board's response. The request shall set forth specifically the factual and legal bases for the allegations. You have the right to an attorney in this appeal. You may be entitled to counsel from the Public Defender's Office at no cost. Enclosed with the Parole Board's response is a form with the office names and addresses of all the Chief Public Defenders in the Commonwealth. Any request for a public defender should be sent directly to the Public Defender's Office in the county where you currently reside.*

Id. (italics in original, bold emphasis added). Appended to the end of the decision was a table with contact information for various public defenders in Pennsylvania.

Respondents assert that Petitioner never appealed the administrative decision to the Pennsylvania Commonwealth Court. ECF No. 15 at 10. A review of the Pennsylvania Unified Judicial System's online case information website does not reveal any case filed at the Commonwealth Court to which Petitioner was a party. See https://ujsportal.pacourts.us/CaseSearch (last visited Dec. 10, 2024).

Petitioner does not dispute that he received the entire decision denying his administrative appeal, or the contact information for the various public defenders. However, in his Traverse, he alleges that he attempted to mail an appeal to the Commonwealth Court. ECF No. 19 at 4. He alleges that paperwork provided by his prison librarian instructed him to mail his appeal to the Board, which he claims he did. Id. The Board allegedly received the appeal, but did not return it to Petitioner or forward it to the Commonwealth Court. Id. Petitioner alleges that this is

4

government interference. Id. In support of this, he submits a postage slip from SCI-Fayette, dated both November 18 and 19, 2021, listing the following address: Board of Probation and Parole administrative agency of Commonwealth of PA." ECF No. 19-3 at 2. The postage slip does not indicate that Petitioner attempted to seek counsel from the public defender, or that he ever mailed an appellate petition for review to the Commonwealth Court.

Petitioner initiated the instant federal habeas action by submitting his Petition on or November 5, 2021. ECF No. 1 at 4. Petitioner paid the required filing fee, and the Petition was formally filed, on December 10, 2021. ECF Nos. 3 and 4. Respondents Answered the Petition on February 4, 2022. ECF No. 15. Petitioner filed his Traverse on April 24, 2022. The record in this case indicates that Petitioner was turned over to federal custody on or before October 18, 2022. ECF No. 20. As of this date, Petitioner is serving his federal sentence.

Additionally, Petitioner has submitted two nearly identical articles of correspondence that have been interpreted as motions. The first is docketed as a Motion for Damages, in which Petitioner seeks $250,000 in damages for the Board allegedly holding him beyond his maximum date. ECF No. 21. The second is docketed as a Motion for a Ruling, in which he once again asks for damages. ECF No. 24.[2]

## II.    LEGAL ANALYSIS

28 U.S.C. § 2254 permits a federal court to grant a state prisoner the writ of habeas corpus "on the ground that he or she is in custody in violation of the Constitution . . . of the United States." 28 U.S.C. § 2254(a). It is Petitioner's burden to prove that he is entitled to the writ. See, e.g.,

---

[2] It appears that nearly identical letters were docketed with two different motion titles by the Clerk of Court.

Vickers v. Sup't Graterford SCI, 858 F.3d 841, 858 (3d Cir. 2017); see also Stanley v. Tice, No. 22-cv-1, 2022 WL 1806079, at *1-2 (W.D. Pa. June 2, 2022).

A.  **Petitioner has procedurally defaulted his claims**

Because Petitioner's attack on the order mailed October 23, 2020 relates to his state custody, his claims must be exhausted in the state courts. 28 U.S.C. § 2254(b)(1)(A). A federal habeas petitioner attacking state custody must give the state courts a fair opportunity to review his allegations of constitutional error before seeking relief in the federal court. See Baldwin v. Reese, 541 U.S. 27, 29 (2004). Pursuant to the federal habeas statute, a petitioner has not exhausted the remedies available in the courts of the state "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). The United States Supreme Court has held that this requires that state prisoners "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). The burden of proving exhaustion of all available state remedies lies with the petitioner. Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997).

When considering exhaustion in the context of Petitioner's recommitment and recalculation of his maximum sentence date, as is the case here, a petitioner must first challenge the Board's decision by filing an administrative appeal to the Board itself within thirty days of the mailing date of the Board's order. 37 Pa. Code § 73.1(a). See also, e.g., Henderson v. Pennsylvania Parole Bd., 277 A.3d 633, 634-36 (Pa. Commw. Ct. 2022) (reciting the procedural posture of an appeal from a recission of automatic reparole). Thereafter, the petitioner must follow that administrative appeal with an appeal to the Pennsylvania Commonwealth Court. See 42 Pa. C.S.A. § 763(a); Henderson, 277 A.3d at 634-36. See also Bronson v. Com. Bd. of Prob. and

Parole, 421 A.2d 1021, 1025-26 (Pa. 1980) (concluding that the Commonwealth Court had jurisdiction over the appeal from a parole revocation decision made by the Board).

If a petitioner is unsuccessful at the Commonwealth Court, he then must seek allowance of appeal with the Pennsylvania Supreme Court. 42 Pa. C.S.A. § 724; see also McMahon v. Pennsylvania Bd. of Prob. and Parole, 470 A.2d 1337 (Pa. 1983). A petitioner's claims are not deemed exhausted unless and until he seeks review from the Pennsylvania Supreme Court. Williams v. Wynder, 232 F. App'x 177, 181 (3d Cir. 2007) (holding that the petitioner was required to exhaust his available state remedies by filing a petition for allowance of appeal in the Pennsylvania Supreme Court following the Commonwealth Court's adverse decision).

Here, Petitioner argues that he need not exhaust his claims. ECF No. 19 at 10 (citing DeFoy v. McCullough, 393 F.3d 439 (3d Cir. 2005)). But the holding in DeFoy is narrow, and states only that "claims of constitutional violations in the denial of parole in Pennsylvania need not be presented to the state courts via a petition for writ of mandamus in order to satisfy the requirement of exhaustion." 393 F.3d at 445. Petitioner does not challenge a decision denying parole. Instead, he attacks a decision recommitting him to serve backtime as a convicted parole violator and recomputing his maximum sentence date – for which specific appeal mechanisms apply under Pennsylvania law. Thus, DeFoy does not save his claims.

As stated above, Petitioner failed to file the required appeal to the Commonwealth Court. Moreover, because the 30-day deadline to do so lapsed on Monday, December 6, 2021, such claims are procedurally defaulted. Pa. R.A.P. 1512.

That said, the United States Supreme Court has held that where a petitioner has to follow state procedure within the required time period, the "federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the

alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991); see also Wainwright v. Sykes, 433 U.S. 72, 86-87 (1977) (failure to follow state's procedural rules results in procedural default, which bars federal review of petitioner's claims unless he can show cause and prejudice); Hull v. Freeman, 991 F.2d 86, 90-91 (3d Cir. 1993) (same). The United States Supreme Court in Coleman further stated that it recognized "the important interest in finality served by state procedural rules and the significant harm to the States that results from the failure of federal courts to respect them." 501 U.S. at 750.

In the instant matter, Petitioner has failed to establish that his procedural default should be set aside on either basis identified in Coleman.

With respect to cause and prejudice, the Supreme Court has defined "cause" as "some objective factor external to the defense." Murray v. Carrier, 477 U.S. 478, 488 (1986). "[A] showing that the factual or legal basis for a claim was not reasonably available to counsel . . . or . . . some interference by officials" are two examples, but not an exhaustive list. Id.

As stated above, Petitioner asserts that he tried to submit an appeal to the Commonwealth Court, but that paperwork he received from the SCI Fayette librarian indicated that he should mail his appeal directly to the Board. Petitioner did just that, and the Board did not return it or forward it to the Commonwealth Court on its own initiative. ECF No. 19 at 4. This, he argues, constitutes government interference. Id.

But it is undisputed that Petitioner was advised by the Board that he needed to submit an appeal to the Commonwealth Court, ECF No. 15-1 at 127. But the address to which Petitioner alleges that he mailed the appeal was to the Board itself – and clearly not the Commonwealth Court. ECF No. 19-3 at 2. In the face of the record evidence, Petitioner has failed to establish that

8

his mistake constituted government interference, or otherwise establishes "cause" to excuse his procedural default.

In order to show a fundamental miscarriage of justice, the United States Supreme Court requires a petitioner to demonstrate that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Schlup v. Delo, 513 U.S. 298, 321 (quoting Murray, 477 U.S. at 496). Under this standard, a petitioner must "support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." Id. at 324. Once such evidence is presented, a petitioner must show that "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." Id. at 327.

Petitioner has not submitted the type of evidence necessary in order to show a miscarriage of justice. Id. at 324. Indeed, Petitioner does not allege – or demonstrate – that he is actually innocent of the crimes for which he has been convicted. Therefore, the miscarriage of justice exception to the exhaustion requirement does not apply. See, e.g., Bright v. Bd. of Prob. and Parole, No. 14-4844, 2015 WL 221084, at *4 (E.D. Pa. Jan. 14, 2015).

Upon review, there is no basis to excuse Petitioner's procedural default. Accordingly, any claim related to the revocation of his parole or the recomputation of his sentence is defaulted.

**B.     Petitioner's requests for damages are not cognizable in a habeas petition.**

To the extent that Petitioner seeks damages for confinement resulting from the Board's decisions, ECF Nos. 21 and 24, his claims are not cognizable in a federal habeas petition. Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002); Preiser v. Rodriguez, 411 U.S. 475, 494 (1973) ("In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy."). Such requests must be denied without prejudice to Petitioner raising them in a civil rights action.

9

But see Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) ("We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.")

### III.   CERTIFICATE OF APPEALABILITY

A certificate of appealability will be denied because jurists of reason would not find the foregoing debatable. See, e.g., Slack v. McDaniel, 529 U.S. 473, 484 (2000).

### IV.   CONCLUSION

For the forgoing reasons, the Petition, ECF No. 4, will be denied as procedurally defaulted.[3] A certificate of appealability also will be denied. Additionally, Petitioner's Motion for Damages, ECF No. 21, and Motion for Ruling, ECF No. 24, will be denied.

An appropriate Order follows.

Dated: December 10, 2024

BY THE COURT:

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

---

[3] In light of the clear procedural default, this Court will not analyze whether the Petition is mooted by Petitioner's current federal confinement. But see DeFoy, 393 F.3d at 442 and n.3 (discussing, e.g., the doctrine of collateral consequences).

cc:    KAHLIL T. SHELTON
38692-068
SCHUYLKILL
FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 759
MINERSVILLE, PA 17954

All counsel of record (*via* CM/ECF)